WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Penelope A. Riley,<br><br>            Plaintiff,<br>v.<br><br>University of Arizona, Pima Community College, Arizona Department of Economic Security- Vocational Rehabilitation Services, et. al,<br>            Defendants. | CIV 07-258 TUC DCB<br><br>**ORDER** |

On June 1, 2007, the Plaintiff, acting *pro se*, filed a Complaint. Plaintiff also sought leave to proceed *in forma pauperis*. The Court granted her *in forma pauperis* status, which means that the United States Marshall shall serve the Complaint upon Defendants at no cost to the Plaintiff. She also incurs no filing fees.

Title 28 of the United States Code, section 1915 provides for this Court to screen the Complaint before it orders it served on the Defendants to ensure that Plaintiff's claims are neither legally nor factually frivolous. On July 30, 2007, this Court issued an Order explaining certain deficiencies in Plaintiff's Complaint and gave her leave to file an Amended Complaint to cure them.

On August 20, 2007, the Plaintiff filed an Amended Complaint. It is clear that she did not understand the Court's directives regarding the deficiencies in her original Complaint. Because she is *pro se* this Court will give her one more opportunity to file an Amended Complaint that states a claim. Plaintiff is referred to the explanations contained

in the Order issued by this Court on July 30, 2007. Additionally, the Court provides the following clarification.

First, Plaintiff does not need to serve a copy of the Amended Complaint on the Defendants. Because she proceeds *in forma pauperis* service of the Amended Complaint will be performed by the United States Marshal. Upon the filing of an Amended Complaint that cures the deficiencies identified by the Court in the July 30, 2007, Order, the Court will order the United States Marshal to serve the Complaint, and the Clerk's Office will send the Plaintiff service packets for her to complete and forward to the Marshals, which they will use to serve the Amended Complaint. The instructions in the July 30, 2007, Order that the Plaintiff must comply with the rules of service, Fed. R. Civ. P. 4-6, pertain to her obligation to serve a copy of every document, except the Amended Complaint, on the Defendants. The requirement that she needs to certify that she has served a document on a Defendant or Defendant's counsel may be a simple signed statement at the end of the document, which attests as follows: "I Penelope Riley certify that on this _____ date I served Defendant _____ with a copy of this document."

Second, the Amended Complaint filed by the Plaintiff on August 20, 2007, did not cure any of the deficiencies described by the Court. Instead, it was a presentation of evidence supporting her claims. This is not required to state a claim. Plaintiff's original Complaint was in large part adequate, except that she failed to identify which Defendant, Pima Community College, University of Arizona, or the Vocational Rehabilitation Services, or some other unnamed individual like a teacher or counselor, committed the various acts she alleged violated her rights. Plaintiff must add the names of the Defendants to the allegations contained in paragraph 3 of her original Complaint to identify which Defendant committed each act alleged in it. Plaintiff may name individual employees, but must identify the employer of a named individual unless the individual acted independent of his or her employment. The problem with the Plaintiffs original Complaint was that it was impossible

1 to determine which of the three Defendants did which of the things she alleged violated her
2 rights.  Because Plaintiff is filing an Amended Complaint she may add allegations and
3 defendants that she did not include in paragraph 3, or she may restate paragraph 3 amended
4 to link a specific named Defendant to a specific allegation.  Any Defendant not linked to
5 some specific alleged violation must be dismissed from the action.

6       Third, Plaintiff seeks monetary damages, which means she wants money damages.
7 As explained in this Court's July 30, 2007 Order, money damages are limited in this case
8 because the Defendants are all state actors.  Plaintiff should consider whether she wishes to
9 seek any prospective injunctive relief, such as an injunction against any future failure to
10 accommodate her disability and an order directing Defendants to enroll her in another course
11 of study or allow her to retake certain classes.  Plaintiff is free to add such a claim for
12 injunctive relief in an Amended Complaint.

13       Plaintiff's amended Complaint must cure the deficiencies described in this Court's
14 July 30, 2007 Order and clarified here or this case will be dismissed.

15       **Accordingly,**

16       **IT IS ORDERED** that Defendants motions to dismiss (documents 10 and 13) are
17 GRANTED.  The Amended Complaint is dismissed, with leave to amend.

18       **IT IS FURTHER ORDERED** that Plaintiff has leave to file a Second Amended
19 Complaint by November 1, 2007, to state her claims to cure the deficiencies identified in this
20 Order and in the screening Order filed on July 30, 2007.

21       **IT IS FURTHER ORDERED** that THE SECOND AMENDED COMPLAINT
22 MUST BE CLEARLY DESIGNATED AS "SECOND AMENDED COMPLAINT" ON
23 THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations
24 against proper Defendant(s), named as Defendant(s); and identify who participated in which
25 activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result
26 of the activities of each Defendant.  THE SECOND AMENDED COMPLAINT MUST BE

1 | RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY
2 | PART OF THE ORIGINAL COMPLAINT BY REFERENCE.  Local Rule 7.1(d)).
3 | **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS
4 | all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the
5 | Second Amended Complaint by November 1, 2007.
6 | DATED this 11th day of October, 2007.

David C. Bury
United States District Judge